FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Dec 10, 2024

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JEFF J.,[1] <br><br> Plaintiff, <br><br> v. <br><br> CAROLYN COLVIN, Acting Commissioner of Social Security,[2] <br><br> Defendant. | No.   4:24-cv-3086-EFS <br><br> **ORDER REVERSING THE ALJ'S DECISION IN PART AND REMANDING FOR ALTERATION OF TITLE 16 DISABILITY START DATE** |

Plaintiff Jeff J. asks the Court to reverse the Administrative Law Judge's (ALJ) denial of Title 2 benefits and to alter the start date for the award of Title 16 benefits. As is explained below, the ALJ's finding that Plaintiff should be considered in the advanced-age category before his 55th birthday is supported by

---

[1] For privacy reasons, Plaintiff is referred to by first name and last initial or as "Plaintiff." *See* LCivR 5.2(c).

[2] Carolyn Colvin is now the Acting Commissioner of Social Security. Pursuant to Federal Rule of Civil Procedure 25(d) and 42 U.S.C. § 405(g), she is hereby substituted for Martin O'Malley as the Defendant

DISPOSITIVE ORDER - 1

1  substantial evidence; however, the ALJ's decision to limit the borderline-age
2  situation to 3½ months—rather than 6 months—before Plaintiff's 55th birthday
3  was not supported by substantial evidence or meaningful explanation. Therefore,
4  this matter is remanded for payment of additional Title 16 benefits from June 21,
5  2023, to September 5, 2023—the remainder of the six-month period before his 55th
6  birthday. In all other regards, Plaintiff's requested relief is denied.

### I. Background

On October 22, 2020, Plaintiff applied for benefits under Titles 2 and 16, claiming disability beginning May 30, 2019, based on physical and mental impairments.[3] Plaintiff has a GED, past relevant work as an auto body technician, and no substantial gainful activity since the alleged disability onset date. Plaintiff was born December 21, 1968. In the adult disability report supporting his applications, Plaintiff complained that mental issues, torn biceps, and a rotator cuff impairment limited his ability to work.[4]

After the agency denied benefits, ALJ Barry O'Melinn held a telephonic hearing on September 6, 2023, at which Plaintiff and a vocational expert testified.[5] Plaintiff testified that he had pain and weakness in both hands, shoulders, and

---

[3] AR 236–49.

[4] AR 291–98.

[5] AR 43–73, 124–45.

right elbow, and difficulties with his memory and focusing.[6] It was discussed that Plaintiff has a history of diabetic neuropathy of the lower extremities, anxiety with some panic attacks, attention deficit hyperactivity disorder (ADHD), and depression. Plaintiff shared that he helps his parents maintain their property, and that physical movement, along with listening to audiobooks, helps keep his mind focused, as he has difficulty with his thoughts bouncing from one idea to another. He also found that yoga helps with his anxiety. He reported that he helps his neighbors clean their barn and with other farm tasks. When he is physically active, he has to sit down and take rests because of the neuropathy in his feet, and he also has problems holding things in his hands and when walking on gravel. He had carpal tunnel surgery on his dominant right hand about fourteen months before the hearing, and he would be having surgery on his left hand. He was attending physical therapy for his hip, and he still had problems with his shoulders. He shared that he has difficulty completing paperwork and with his memory. He reported being sober since 2021.

The ALJ granted Plaintiff's Title 16 application for supplemental security income benefits as of the September 6, 2023 hearing date, and denied the Title 2 application for disability insurance benefits because the date last insured was

---

[6] AR 67.

before the hearing.[7] The ALJ found Plaintiff's alleged symptoms were not fully supported and that:

- the prior administrative medical finding of Suzanne Castro, PsyD, "only somewhat persuasive" "overall" and her opinion that Plaintiff did not have a severe mental health impairment was not persuasive.
- the prior administrative medical finding of Dorothy Leong, MD, that Plaintiff could perform at a medium level of exertion was not persuasive and her overall opinion was "only somewhat persuasive."
- the evaluating opinion of David Mashburn, PhD, "only somewhat persuasive."[8]

As to the sequential disability analysis, the ALJ found:

- Plaintiff met the insured status requirements through March 31, 2023.
- Step one: Plaintiff had not engaged in substantial gainful activity since May 30, 2019, the alleged onset date.

---

[7] AR 15–42. Per 20 C.F.R. §§ 404.1520(a)–(g), 416.920(a)–(g), a five-step evaluation determines whether a claimant is disabled. If there is medical evidence of drug or alcohol addiction, the ALJ must then determine whether drug or alcohol use is a material factor contributing to the disability. 42 U.S.C. § 423(d)(2)(C); 20 C.F.R. § 416.935; *Sousa v. Callahan*, 143 F.3d 1240, 1245 (9th Cir. 1998).

[8] AR 27–31.

DISPOSITIVE ORDER - 4

- Step two: Plaintiff had the following medically determinable severe impairments: diabetes mellitus with neuropathy, bilateral carpal tunnel syndrome, shoulder disorders, chronic obstructive pulmonary disease, depression, and ADHD.

- Step three: Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments.

- RFC: Plaintiff had the RFC to perform light work except:

  > He is limited to occasional handling and fingering and to occasional overhead reaching. He can understand, carry out and remember simple instruction and make commensurate work-related decisions, respond appropriately to supervision, coworkers, and work situations. He can deal with routine changes in work setting and maintain concentration, persistence, and pace for up to and including two hours at a time, with normal breaks throughout a normal workday. [H]e is not suitable for production rate or pace work.

- Step four: Plaintiff was unable to perform his past relevant work.

- Step five: Plaintiff was an individual closely approaching advanced age and thus applying the age categories non-mechanically and considering his additional adversities, on September 6, 2023, the Plaintiff's age category changed to an individual of advanced age and there were no jobs that existed in significant numbers in the national economy that he could perform based on Medical-Vocational Rule 202.06. Yet, before September 6, 2023, considering Plaintiff's RFC, age, education, and work history, Plaintiff could perform work that

existed in significant numbers in the national economy, such as rental clerk, counter clerk, and inspector.[9]

Plaintiff timely requested review of the ALJ's decision by the Appeals Council and now this Court.[10]

## II.  Standard of Review

The ALJ's decision is reversed "only if it is not supported by substantial evidence or is based on legal error" and such error impacted the nondisability determination.[11] Substantial evidence is "more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."[12]

---

[9] AR 18–37.

[10] AR 1–6.

[11] *Hill v. Astrue*, 698 F.3d 1153, 1158 (9th Cir. 2012). *See* 42 U.S.C. § 405(g); *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) ), *superseded on other grounds by* 20 C.F.R. § 416.920(a).

[12] *Hill*, 698 F.3d at 1159 (quoting *Sandgathe v. Chater*, 108 F.3d 978, 980 (9th Cir. 1997)). *See also Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007) (The court "must consider the entire record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion," not simply the evidence cited by the ALJ or the parties.) (cleaned up); *Black v. Apfel*,

### III. Analysis

Plaintiff argues the ALJ erred in limiting the borderline-age situation to September 6, 2023, when evaluating the medical opinions, and at step 5. The Commissioner argues the ALJ's evaluation of the record is supported by substantial evidence and adequate explanation. As is explained below, other than the ALJ's selected date for the borderline-age situation, the ALJ's findings are supported by substantial evidence and meaningful explanation.

**A.   Borderline Age: Plaintiff establishes error in part as to Title 16.**

The ALJ found "[a] borderline age situation exists because the claimant is within a few days to a few months of attaining the next higher age category and applying the chronological age would result in a denial of Title 2 or 16."[13] The ALJ also found "applying the age categories non-mechanically, considering the additional adversities in the case, on September [6], 2023, the claimant's age category changed to an individual of advanced age" and when applying the advanced age category Plaintiff was considered disabled per the Medical Vocational Guidelines.[14] In support of the finding, the ALJ found that Plaintiff's RFC was less than the full range of light work, he has past relevant work as an auto body

---

143 F.3d 383, 386 (8th Cir. 1998) ("An ALJ's failure to cite specific evidence does not indicate that such evidence was not considered[.]").

[13] AR 32 (cleaned up).

[14] *Id.* See 20 C.F.R. Part 404, Subpt. P, App. 2.

DISPOSITIVE ORDER - 7

worker, he has a GED, and he "would likely have difficulty adjusting to other work than would a younger claimant with a less severe history of musculoskeletal and mental issues."[15] At the time of the administrative hearing on September 6, 2023, Plaintiff was 3½ months shy of his 55th birthday—and the "advanced age" category.[16]

Plaintiff agrees the ALJ properly found he was in a borderline-age situation as he neared his 55th birthday but argues the ALJ should not have limited the borderline-age situation to September 6, 2023, instead the ALJ should have used the date of his protective filing date for both applications, which was October 22, 2020, or minimally, March 31, 2023, his date last insured. In response, the Commissioner argues that substantial evidence supports the ALJ's step-five finding, including his decision to apply the advanced-age category beginning September 6, 2023.

The ALJ's decision to apply the advanced-age category before Plaintiff's 55th birthday was consequential because if Plaintiff remained in the "closely approaching advanced age" category—age 50–54—the remaining vocational factors would direct a finding of "not disabled" under the Medical Vocational Guidelines, but if he is in the "advanced age" category—age 55 or older—he is disabled per the Grids. The regulations that define the age categories specify:

---

[15] AR 33.

[16] *See* 20 C.F.R. §§ 404.1563(e), 416.963(e).

> We will not apply the age categories mechanically in a borderline situation. If you are within a few days to a few months of reaching an older age category, and using the older age category would result in a determination or decision that you are disabled, we will consider whether to use the older age category after evaluating the overall impact of all the factors of your case.[17]

The factors to be considered include the RFC, age, education, work experience, and additional elements that seriously affect the claimant's ability to adjust to work.[18] The regulations do not define a "few months"; however, the Program Operations Manual System (POMS) states, "We define the term 'a few' using its ordinary meaning, a small number. Consider a few days to a few months to mean a period not to exceed six months."[19] HALLEX I-2-2-42-C.3 states:

> The ALJ will take a "sliding scale" approach when determining which age category to use. To support the use of the higher age category, the evidence must show that the factor(s) have a progressively more adverse impact on the claimant's ability to adjust to other work as the period between the claimant's actual age and attainment of the next higher age category lengthens.

---

[17] 20 C.F.R. §§ 404.1563(b), 416.963(b).

[18] HALLEX I-2-2-42-C.2. The HALLEX is an internal Social Security Administration policy manual that does not impose judicially enforceable duties on either the ALJ or this Court. *Clark v. Astrue*, 529 F.3d 1211, 1216 (9th Cir.2008).

[19] POMS DI 25015.006-B. *See Lockwood v. Comm'r Soc. Sec. Adm.*, 616 F.3d 1068, 1073 (9th Cir. 2010 (recognizing that although the POMS do not carry the force of law, they are "entitled to respect" as they "have the power to persuade").

DISPOSITIVE ORDER - 9

1   "[T]he ALJ will explain in the decision that he considered the borderline age
2   situation, state whether he applied the higher age category or the chronological
3   age, and note the specific factor(s) the ALJ considered."[20]

4   Plaintiff argues that because there was no medical change or functional
5   change in his conditions since his protective filing date of October 22, 2020 (or his
6   date last insured of March 31, 2023) and the hearing on September 6, 2023,
7   substantial evidence does not support the ALJ's decision to use September 6, 2023,
8   rather than one of the earlier dates, as the date he changed age categories. To
9   support this argument, Plaintiff highlights that the ALJ did not explain what the
10  "additional adversities" were that supported a finding that Plaintiff changed to the
11  advanced-age category on September 6, 2023. Plaintiff also points out that the
12  Grids only account for exertional limitations and not for non-exertional limitations
13  caused by Plaintiff's mental-health impairments. In response, the Commissioner
14  contends the ALJ applied the correct standard and that the decision is supported
15  by substantial evidence.

---

[20] HALLEX I-2-2-42-C.5. As the Ninth Circuit, "HALLEX instructs ALJs to consider additional vocational adversities that could justify the use of the higher age category, and states that absent a showing of additional adversities justifying the use of the higher age category the adjudicator need not explain his or her use of the claimant's chronological age." *Lockwood*, 616 F.3d at 1072.

The ALJ appropriately considered the Grids and whether Plaintiff should be considered of "advanced age" before his 55th birthday. However, the ALJ did not explain why September 6, 2023, was the appropriate triggering date for "advanced age," and the record itself does not indicate a reason why such should be selected as the triggering date. Instead, the medical record reflects that during the early months of 2023 Plaintiff sought increased treatment for his reported memory issues and his lumbar back pain with radiculopathy affecting his left lower extremity.[21] This continued through the spring of 2023 with Plaintiff being observed with lumbar and pelvic somatic dysfunction, associated bilateral lower back paraspinal tightness, a painful right hip with flexion and external rotation, and weakness with flexion from the straight leg position in April 2023.[22] At another appointment in April 2023, Plaintiff was observed as anxious, sad, and inattentive with impaired memory.[23] Again, in May 2023, Plaintiff was observed as being anxious with an impaired memory, although he was cooperative and pleasant as well.[24] At an appointment a week later for his right hip pain, Plaintiff was observed to be in moderate distress with an antalgic gait, with limited range of motion, particularly in his hip flexion, extension, and internal rotation, secondary

---

[21] AR 1124–46, 1411–15.

[22] AR 1309–12. *See also* AR 1343–44.

[23] AR 1292.

[24] AR 1556.

1  to pain, with radiation of pain in the right groin and knee, and point tenderness at

2  the right sacroiliac joint.[25] The remaining medical records from June and July

3  2023, which are the last treatment notes of record—note Plaintiff's continued

4  concerns about memory and physical conditions, but do not indicate a new acute

5  injury.[26]

6      This medical record, along with Plaintiff's testimony, does not shed light on

7  why the ALJ selected September 6, 2023, as the triggering date for "advanced age"

8  or onset of the "additional adversities" rather than use the full six-month period

9  allowed by the POMS's and HALLEX's interpretation of the term "few months" in

10  20 C.F.R. §§ 404.1563(b) and 416.963(b). Plaintiff had the same impairments, was

11  of the same age (54), had the same educational level (GED), and the same work

12  experience for the full six months prior to his 55th birthday. Therefore, the ALJ's

13  decision to extend the "advanced age" category by 3½ months (September 6, 2023),

14  rather than the permitted 6 months (June 21, 2023), is not supported either by

15  meaningful explanation or substantial evidence. Accordingly, this matter is

---

[25] AR 1545.

[26] *See, e.g.*, AR 1439–99.

remanded for payment of Title 16 benefits for the time period of June 21, 2023, to September 5, 2023.[27]

**B.     Medical Opinions: Plaintiff fails to establish consequential error.**

Plaintiff argues the ALJ improperly analyzed two medical opinions. The Commissioner disagrees. The Court finds no error.

1.     Standard

The ALJ must consider and articulate how persuasive he found each medical opinion and prior administrative medical finding, including whether the medical opinion or finding was consistent with and supported by the record.[28] The factors for evaluating the persuasiveness of medical opinions include, but are not limited to, supportability, consistency, relationship with the claimant, and specialization.[29] Supportability and consistency are the most important factors.[30] When considering the ALJ's findings, the Court is constrained to the offered by the ALJ.[31]

---

[27] This remand does not alter the ALJ's denial of Title 2 benefits because the date last insured—March 31, 2023—does not fall within the 6-month period before Plaintiff's 55th birthday.

[28] 20 C.F.R. §§ 404.1520c, 416.920c(a)–(c); *Woods v. Kijakazi*, 32 F.4th 785, 792 (9th Cir. 2022).

[29] 20 C.F.R. §§ 404.1520c, 416.920c(c)(1)–(5).

[30] 20 C.F.R. §§ 404.1520c, 416.920c(b)(2).

[31] *See Burrell v. Colvin*, 775 F.3d 1133, 1138 (9th Cir. 2014).

2.  <u>Dr. Mashburn</u>

Plaintiff argues the ALJ erred by not finding Dr. Mashburn's opined limitations more persuasive. Dr. Mashburn conducted a psychological examination in September 2020, which included a clinical interview, a mental-status examination, a Hamilton Depression assessment (score of 17, moderate), a Folstein Mini-Mental Status Examination (score in normal range), and no record review.[32] Dr. Mashburn diagnosed Plaintiff with major depression moderate recurrent, ADHD by history, and alcohol dependence in remission. He opined that Plaintiff was markedly limited in his ability to complete a normal workday or work week without interruptions from psychologically based symptoms and moderately limited in his abilities to understand, remember, and persist in tasks by following detailed instructions; communicate and perform effectively in a work setting; make simple work-related decisions; adapt to changes in a routine work setting; and perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances without special supervision.[33]

Plaintiff argues the ALJ erred by relying on POMS DI 24503.045-C.2 as a basis to diminish the weight given to Dr. Mashburn's report. However, after recognizing that POMS DI 24503.045 directs an ALJ to not discuss the decision analysis performed by another governmental agency, the ALJ proceeded to

---

[32] AR 471–77.

[33] AR 471–77.

evaluate, as is statutorily required, whether Dr. Mashburn's opined limitations were supported by or consistent with the record. The ALJ found Dr. Mashburn's opinion that Plaintiff has a marked limitation in his ability to complete a normal workday or work week without interruptions not persuasive because 1) Dr. Mashburn's opinion was largely "checked off responses without detailed medical evidence," 2) the medical evidence did not support the opined marked limitations, and 3) Plaintiff was "able to carry out a relatively broad range of activities."[34]

Dr. Mashburn did set forth his opinions in the check-box format that the form called for. This by itself is not reason to discount his opinion; however, the ALJ appropriately considered that Dr. Mashburn's comments were based largely on Plaintiff's self-reports to him and on the self-assessments performed, with no review of underlying records. Dr. Mashburn found that Plaintiff's orientation, perception, memory, fund of knowledge, concentration, abstract thought, and insight and judgment were normal, but that his thought process and content were not within normal limits because of "negative self-narrative [sic] he battles," and he observed Plaintiff with a depressed mood, although he was cooperative with no sense of malingering, was friendly, and was clearly trying with effort.[35] Based on the contents of Dr. Mashburn's report, when compared with the longitudinal

---

[34] AR 31.

[35] AR 473–74.

medical record, the ALJ's decision to find that Dr. Mashburn's marked limitation was not supported by either explanation or the medical evidence is supported by substantial evidence. In addition, the ALJ's finding that Dr. Mashburn's opinion that Plaintiff's daily activities, which included performing chores at home and for neighbors, were inconsistent with Dr. Mashburn's marked limitation is supported by substantial evidence. Moreover, the crafted RFC, which limits Plaintiff to simple instruction and work-related decisions with no production rate or pace work, accounts for Dr. Mashburn's moderate limitations. Plaintiff fails to establish the ALJ erred when evaluating Dr. Mashburn's opinion.

       3.     <u>Dr. Castro</u>

Plaintiff argues it was error for the ALJ to both give weight to Dr. Castro's examiner report while also finding that her opinion that the Plaintiff did not have a severe mental health impairment unpersuasive. The Commissioner agrees that the ALJ included extraneous verbiage when evaluating Dr. Castro's opinion but submits there was no resulting harm.

Dr. Castro reviewed the medical record in March 2022 during the reconsideration level of the disability determination. Dr. Castro found Plaintiff's ADHD nonsevere, that he did not have any other mental impairment, and that he only had mild limitations under the B Criteria.[36] As to Dr. Castro's administrative medical finding, the ALJ recognized that Dr. Castro is an expert who is familiar

---

[36] AR 98–101.

with the social security programs, and the ALJ further stated: "Overall, I find Dr. Castro's opinion to be only somewhat persuasive. I do not find her opinion that the claimant did not have a severe mental health impairment to be persuasive."[37]

Although the ALJ's use of the introductory word "overall," in the above-quoted sentence was not the most apt phrasing, the Court is able to understand the ALJ's evaluation and findings as to Dr. Castro's opinion. The ALJ agreed with Dr. Castro that Plaintiff was only mildly limited in the areas of interacting with others and understanding, remembering, or applying information. But the ALJ disagreed with Dr. Castro's mild limitations in the areas of adapting or managing oneself and concentrating, persisting, or maintaining pace, instead finding that Plaintiff had moderate limitations in those areas. Thus, the ALJ reasonably found Dr. Castro's opined limitations to be "only somewhat persuasive."[38] And because the ALJ found that the overall record supported severe mental impairments of depression and ADHD, the ALJ reasonably found Dr. Castro's opinion that Plaintiff did not have a severe mental health impairment to be not persuasive. The Court finds no error in the ALJ's evaluation of Dr. Castro's opinion.

C.     **Step Five: Plaintiff fails to establish additional error.**

Finally, Plaintiff argues that the ALJ failed to consider that Plaintiff is unable to sustain employment because he has difficulties staying on task,

---

[37] AR 31.

[38] AR 31.

submitting the ALJ merely focused on the Medical Vocational Grid borderline-age analysis. However, the ALJ discounted the opined marked limitation as to Plaintiff's ability to complete a normal workday and workweek and had found that Plaintiff's limitation in that ability was moderate only. Moreover, Plaintiff did not challenge the ALJ's evaluation of Plaintiff's symptom reports. Plaintiff fails to establish that his production would be diminished by fifteen percent or more, the threshold to establish he would be unable to work, based on the vocational expert's testimony about production requirements.[39]

### IV.    Conclusion

Plaintiff establishes the ALJ erred only as to the selected date for application of the advanced-age category. This matter is remanded for payment of benefits for the remainder of the 6-month period before Plaintiff's 55th birthday.

Accordingly, **IT IS HEREBY ORDERED**:

1. The case caption shall be amended consistent with footnote 2.
2. The ALJ's nondisability decision is **REVERSED, and this matter is REMANDED to the Commissioner of Social Security for immediate calculation and award of Title 16 benefits** for the additional period from **June 21, 2023, to September 5, 2023**—the

---

[39] AR 71 ("If an individual is off task 15% or greater on a consistent basis, we'd expect them to be released from the position").

remainder of the six-month period before his 55th birthday. In all other regards, Plaintiff's requested relief is denied.

3. The Clerk's Office shall **TERM** the parties' briefs, **ECF Nos. 10 and 12**, enter **JUDGMENT** in favor of **Plaintiff**, and **CLOSE** the case.

IT IS SO ORDERED. The Clerk's Office is directed to file this order and provide copies to all counsel.

DATED this 10th day of December 2024.

*Edward F. Shea*

EDWARD F. SHEA
Senior United States District Judge